# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60002
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 16, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DOUGLAS CHAUNCEY WILLIAMS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:16-CR-10-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Douglas Chauncey Williams pleaded guilty to possession of 50 grams or more of methamphetamine with intent to distribute and was sentenced to 210 months of imprisonment. Pursuant to his plea agreement, Williams waived his right to appeal or collaterally attack his conviction and sentence on any ground, reserving only the right to raise an ineffective assistance of counsel claim. Williams now argues that his attorney rendered ineffective assistance

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by failing to introduce his medical records and failing to object to the criminal history portion of the presentence report.

We generally decline to review ineffective assistance claims on direct appeal. *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). We have resolved such claims "only in rare cases where the record allowed us to evaluate fairly the merits of the claim." *United States v. Higdon*, 832 F.2d 312, 314 (5th Cir. 1987). In most instances, a claim qualifies as a "rare case" warranting review only when it was raised and developed in a post-trial motion to the district court. *United States v. Stevens*, 487 F.3d 232, 245 (5th Cir. 2007).

Although Williams alleged ineffective assistance of counsel in his notice of appeal, he did so only generally, and his claims were never developed in the district court. Moreover, Williams does not describe in his appellate brief what evidence counsel failed to introduce or explain what objections counsel should have raised. Because this is not one of the rare cases in which the record provides sufficient detail to allow us to determine the merits of Williams's claims, we decline to consider them on direct appeal without prejudice to Williams's right to raise his claims on collateral review. *See Isgar*, 739 F.3d at 841.

The judgment of the district court is AFFIRMED.